IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Jackie McKubbin, #11733-028 ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> M. Pettiford, Warden ) <br> FCI-Bennettsville;J. ) <br> Shauntz, SIS Lieutenant ) <br> FCI-Bennettsville;Del Re, ) <br> Captain FCI-Bennettsville; ) <br> K. Dewberry, SOI&E, ) <br> Unicor, FCI-Bennettsville; ) <br> M. Cole, B1&2 Unit ) <br> Counselor FCI-Bennettsville; ) <br> Holt, Southeast Regional ) <br> Director; Harrell Watts, ) <br> National Inmate Appeals ) <br> Administrator; Tami Rippon, ) <br> Supervisory Attorney, BOP; ) <br> ) <br> Defendants. ) | Civil Action No.8:08-3248-HMH-BHH <br><br> **REPORT AND RECOMMENDATION** <br> **OF MAGISTRATE JUDGE** |

The plaintiff, a federal prisoner proceeding pro se, brought this action pursuant to the Federal Torts Claim Act ("FTCA") and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).[1] This matter is before the court on the defendants' motion to dismiss (Dkt. #34) and the plaintiff's motion for summary judgment. (Dkt. # 43).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

---

[1] In *Bivens*, the United States Supreme Court established a cause of action against federal officials for the violation of federal constitutional rights. A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983 against state actors.

The plaintiff brought this action on October 3, 2008. On March 20, 2009, the respondent moved to dismiss the action. By order filed March 23, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On April 13, 2009, the plaintiff filed a response opposing the defendants' motion to dismiss and his own motion for summary judgment. The defendants filed a response opposing the plaintiff's motion on May 1, 2009.

## PROCEDURAL FACTS

The plaintiff is currently a federal prisoner housed at the Federal Correctional Institution in Talladega, Alabama ("FCI-Talladega"). The incidents alleged in the complaint occurred while the plaintiff was incarcerated at the Federal Correctional Institution in Bennettsville, South Carolina ("FCI-Bennesttsville").

In his complaint, the plaintiff alleges claims under *Bivens* and the FTCA based upon his allegations that he was discriminated against when he was denied a job assignment at FCI-Bennesttsville. Specifically, he alleges in June 2007, that he was denied a job assignment because he is an African-American and is serving a life sentence.[2] The plaintiff states he is seeking compensatory and punitive damages.

## APPLICABLE LAW

**Motion to Dismiss Standard**

In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130 (4th Cir. 1993). A pro se complaint must be read liberally, and such persons are not held to the strict pleading

---

[2]The undersigned notes that the plaintiff has filed several amendments to his original complaint. (See Dkt. # 17, 26, 29, and 33.)

2

requirements otherwise required of attorneys. *Estelle v. Gamble*, 429 U.S. 97, 106-07 (1976). When, however, it appears to the Court that the plaintiff has totally failed to state a claim which would entitle him to relief, a defendant is entitled to have his motion to dismiss granted. Fed. R. Civ. P. 12(b)(6).

**Summary Judgment Motion Standard**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all interferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific,

3

material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## **DISCUSSION**[3]

### **Retaliation and FTCA Claims**

As an initial matter, the undersigned notes that the plaintiff specifically states in his memorandum opposing the defendants' motion to dismiss that he is not alleging a retaliation claim. (Pl.'s Mem. Opp. Mot. to Dismiss at 15.) Further, he specifically states that he waives any claims he made in his complaints under the FTCA. (*Id.* at 23.) Accordingly, the undersigned will not address these claims in this report.

### **Defendants Holt and Watts**

This defendants contend that the Court lacks personal jurisdiction over the defendants Holt and Watts. The undersigned agrees.

To properly adjudicate a Rule 12(b)(2) personal jurisdiction challenge, the Fourth Circuit directs that "the jurisdictional question is to be resolved by the judge, with the burden on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence." *Carefirst of Md., Inc. v. Carefirst Pregnancy Centers, Inc.,* 334 F.3d 390, 396 (4th Cir. 2003) (citation omitted). Because a *Bivens* action seeks relief against the personal

---

[3]In their reply memorandum, the defendants also contend for the first time that the plaintiff has failed to exhaust his administrative remedies. A motion to dismiss is not a responsive pleading that required the defendants to raise or waive all their defenses. However, the plaintiff has not had an opportunity to respond to this issue. Therefore, the undersigned declines to recommend dismissal on this ground at this time.

4

resources of a federal employee in his individual capacity, the court must acquire personal jurisdiction in order to enter a binding judgment. *See Griffith v. Nixon,* 518 F.2d 1195 (2d Cir. 1975). Personal jurisdiction arises out of "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985).

There are two types of personal jurisdiction: general and specific. A court has general jurisdiction over a cause of action that arises outside of the forum state. *See Calder v. Jones,* 465 U.S. 783, 786 (1984). General jurisdiction is permissible under the due process clause when the defendant has an enduring relationship with the forum state, and his connection to and activities in the forum state are so substantial that the defendant would expect to be subject to suit there on any claim and would suffer no inconvenience from defending there. "The essence of the issue . . . is . . . one of general fairness to the [defendant]." *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 445 (1952).

A court has specific jurisdiction over a cause of action, which arises directly out of or relates to the defendant's forum state activities. The South Carolina Supreme Court analyzes specific jurisdiction in a two step process, first examining the applicability of the South Carolina long arm statute and then examining whether jurisdiction violates the due process clause. *See S. Plastics Co. v. S. Commerce Bank,* 423 S.E.2d 128, 130 (S.C. 1992). However, because the South Carolina Supreme Court has held that the South Carolina long arm statute is deemed to reach the limits of due process, federal courts normally conduct a single inquiry under the due process clause. *Fed. Ins. Co. v. Lake Shore, Inc.,* 886 F.2d 654, 657 n. 2 (4th Cir.1989).

The United States Supreme Court articulated a two-branch due process test for determining specific jurisdiction. *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291(1980). The first, the traditional minimum contacts branch, focuses on the defendant's

connection with the forum state and the relationship between that connection and the litigation. *Burger King Corp.,* 471 U.S. at 471-76. The second branch is frequently referred to as the fairness, convenience, or reasonableness branch. Beyond the requirement of minimum contacts, due process requires further factual evaluation to determine whether an assertion of personal jurisdiction comports with fair play and substantial justice. *Id.* at 476. As stated, the plaintiff has the burden of establishing jurisdiction over these defendants. There are insufficient contacts for this Court to exercise either general or specific jurisdiction over these defendants.

The defendant Holt is the Regional Director for the Southeast Region of the Bureau of Prisons ("BOP") and his office is located in Atlanta, Georgia. The defendant Watts is the National Inmate Appeals Administrator and his office is located in Washington, D.C.

The only personal involvement of these defendants was their handling of the plaintiff's administrative appeals from their home offices. This contact does not provide evidence that these defendants purposefully availed himself of South Carolina's laws and/or privileges and are not sufficient contacts to allow this Court to exercise personal jurisdiction over the defendants Holts and Watts. *See Mansoori v. Lappin,* 2005 WL 2387599, at *5 (D.Kan. Sept. 21, 2005) (allegations that out-of-state BOP employees received prisoner's letters, reviewed his complaints, signed his appeals and visited USP-Leavenworth insufficient to confer personal jurisdiction); *Hill v. Pugh*, 75 Fed.Appx. 715, 719 (10th Cir. 2003) (unpublished) ("It is not reasonable to suggest that federal prison officials may be hauled into court simply because they have regional and national supervisory responsibilities over facilities within a forum state"); *Thornton v. Quinlan,* 864 F.Supp. 90, 92 (S.D.Ill.1994) (declining to exercise jurisdiction over Director of Bureau of Prisons whose only contacts with Illinois were in his official capacity) (*cited with approval in Adkins v.*

*Federal Bureau of Prisons*, 2007 WL 904797 *8 (D.S.C. Feb.20, 2007)).  Accordingly, the defendants Holt and Watts should be dismissed.

**Equal Protection Claim**

The plaintiff alleges an equal protection claim based upon racial discrimination and the unequal treatment of similarly situated inmates.  He alleges that similarly situated inmates are those inmates who are medium security inmates.  (Pl.'s mem. Opp. Mot. to Dismiss at 7-8; Pl.'s Mem. Supp. Summ. J. Mot. at 1; 4.)  He then more specifically alleges that white inmates with medium security classifications who had escape histories were given jobs, but that he was treated differently and denied a job because he was serving a life sentence and he is black.   (Pl.'s Mem. Supp. Summ. J. Mot. at 5.)  He alleges that there was a "pseudo-policy" implemented at FCI-Bennettsville under which inmates with life sentences were denied job assignments.  (Pl.'s Mem. Opp. Mot. to Dismiss at 16; 20.)  He further alleges that this policy was applied to only black inmates. (*Id*. at 16.)

It is well established that an inmate has no federal right to a job assignment.  *See e.g. Johnson v. Knable*, 862 F.2d 314 (4th Cir. 1988)(stating that "prison work assignments are matter within the discretion of prison official, and denial of employment does not, in and of itself, abridge any constitutional right of the inmate"); *Altizer v. Paderick,* 569 F.2d 812 (4th Cir.1978)(holding custody classifications and work assignments are generally within the discretion of the prison administrator);  *Jackson v. LaManna,* 2007 WL 1862371 (D.S.C. 2007)(stating that "[a]ll inmate job assignments are subject to the institution's needs, and inmates do not have any fundamental constitutional right to any specific work assignment").  However, prison officials cannot discriminate against an inmate by making a job assignment on the basis of race.  *Cruz v. Beto*, 405 U.S. 319, 321 (1972).

The Equal Protection Clause of the Fourteenth Amendment provides that "no State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S.

7

Const. amend. XIV, § 1. In order to state an equal protection claim, the plaintiff must allege facts sufficient to show that he was treated differently from other "similarly situated" inmates and that the "unequal" treatment resulted from either intentional or purposeful discrimination. *Morrison v. Garraghty,* 239 F.3d 648, 654 (4th Cir. 2001). To meet this requirement, the plaintiff is required to set forth "specific, non-conclusory factual allegations that establish improper motive." *Williams v. Hansen,* 326 F.3d 569, 584 (4th Cir. 2003).

Moreover, once this showing is made, when an equal protection challenge arises in a prison context, the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny. *Morrison v. Garraghty,* 239 F.3d at 654. The United States Supreme Court has held that a "prison regulation [that] impinges on inmates' constitutional rights . . . is valid if it is reasonably related to legitimate penological interests" and not an exaggerated response to a particular concern. *Turner v. Safley,* 482 U.S. 78, 89 (1987). In the prison environment, four factors are considered in determining whether a prison policy is reasonably related to a legitimate penological interest: (1) whether there is a valid, rational connection between the policy and the penological interest; (2) whether an alternative means of exercising the right remains open to prison inmates; (3) the impact accommodation of the asserted right will have on guards, other inmates, and the allocation of prison resources; and (4) the absence of ready alternatives that fully accommodate the prisoner's rights at de minimis cost to valid penological interests. *Morrison v. Garraghty,* 239 F.3d at 655.

Racial discrimination claims are actionable but require more than merely conclusory allegations of discrimination to state a claim. *Chapman v. Reynolds,* 378 F.Supp. 1137, 1139 (W.D.Va. 1974). A prisoner must show purposeful discrimination which has a discriminatory effect on him. *McCleskey v. Kemp,* 481 U.S. 279, 292 (1987). Evidence which merely indicates disparity of treatment or erroneous or even arbitrary administration

of governmental powers, rather than instances of purposeful or invidious discrimination, is insufficient to show discriminatory intent. *Id.* at 292.

As an initial matter, the plaintiff's claim fails because he cannot make any initial showing that he is similarly situated to the inmates with whom he attempts to compare himself. He alleges that other similarly situated inmates are those inmates who are classified as medium security inmates who have escape histories. (Pl.'s Mem. Opp. Mot. to Dismiss at 8.) However, he is classified as a medium security inmate based upon his life sentence. He is not similarly situated to those inmates who are classified as medium security inmates with escape histories.

The plaintiff also asserts that he is being treated differently than other medium security inmates by being denied work assignments because of his race.[4] However, the evidence demonstrates that the plaintiff was denied work assignments because of his underlying life sentence. There is no evidence that race had anything to do with the plaintiff not being assigned a job. The undersigned also notes that the plaintiff never mentions racial discrimination in his administrative remedies. (*See* Compl. Attach.- Grievances.) The plaintiff did not make that allegation until he filed this action. As noted above, to set forth an equal protection claim, the plaintiff is required to set forth "specific, non-conclusory factual allegations that establish improper motive." *Williams*, 326 F.3d at 584. The plaintiff has not done this. The plaintiff fails to set forth specific allegations that establish an improper motive. He simply claims an improper motive on the defendants' part without

---

[4]The plaintiff also contradicts himself in his memorandum filed in support of his motion for summary judgment. The plaintiff states that he "spoke with several inmates who had serious escape histories, and they were *mostly white*, and was (sic) hired without incident." Pl.'s Mem. Supp. Summ. J. Mot. at 3)(emphasis added). Then, he states that he knew there was racial discrimination when he "saw *all* African American inmates were being excluded from working in UNICOR, and Whites with escape histories were allowed to work in UNICOR. (*Id.* at 5)(emphasis added).

9

offering any specific facts.  The plaintiff has not produced any evidence that his race played any part in the denial of a job assignment at FCI-Bennettsville.  Thus, his discrimination claim should be dismissed.

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the Defendants' Motion to Dismiss (Dkt. # 34) be GRANTED; the Plaintiff's Motion for Summary Judgment (Dkt. # 43) be DENIED;  and this action be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

                                                  s/Bruce Howe Hendricks
                                                  United States Magistrate Judge

September 14, 2009
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).