IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Jackie McKubbin, #11733-028, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 8:08-3248-HMH-BHH |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| M. Pettiford, Warden ) | |
| FCI-Bennettsville; ) | |
| J. Shauntz, SIS Lieutenant ) | |
| FCI-Bennettsville; Del Re, ) | |
| Captain FCI-Bennettsville; ) | |
| K. Dewberry, SOI&E, ) | |
| Unicor, FCI-Bennettsville; ) | |
| M. Cole, B1&2 Unit ) | |
| Counselor FCI-Bennettsville; ) | |
| R.E. Holt, Southeast Regional ) | |
| Director; Harrell Watts, ) | |
| National Inmate Appeals ) | |
| Administrator; Tami Rippon, ) | |
| Supervisory Attorney, BOP; ) | |
| All Unknown and Unnamed Parties, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Bruce Howe Hendricks, made in accordance with 28 U.S.C. § 636(b)(1) (2006) and Local Civil Rule 73.02 of the District of South Carolina.[1] Jackie McKubbin ("Plaintiff"), a federal prisoner proceeding pro se, alleges that the Defendants violated his

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (2006).

1

constitutional rights and brings this action pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).  In her Report and Recommendation, Magistrate Judge Hendricks recommends granting the Defendants' motion to dismiss.

The Plaintiff filed objections to the Report and Recommendation.  Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge.  <u>See</u> <u>United States v. Schronce</u>, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).  In the absence of <u>specific</u> objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation.  <u>See</u> <u>Camby v. Davis</u>, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of the Plaintiff's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims.  However, the Plaintiff specifically objects to the magistrate judge's conclusion that his equal protection claim based upon racial discrimination fails because he is not similarly situated to the inmates with whom he is comparing himself.  The Plaintiff alleges that he has been denied a work assignment with Unicor because he is African-American.  (Objections, generally.)  The Plaintiff objects that he "was and still is similarly situated to the other inmates at FCI-Bennettsville.  Specifically, the other inmates at FCI-Bennettsville are classified as medium security, and they pose no more of a danger than the Plaintiff." (<u>Id.</u> 3.)  Further, the Plaintiff alleges that "[i]t conveniently happened that Plaintiff was an African-American along with others, and it was also even more convenient that inmates with escape histories, and allowed to work in Unicor were conveniently white." (<u>Id.</u> 5.)

"Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). To that end, the Equal Protection Clause affords that "all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1982). However, the Plaintiff must allege facts to show that he was treated differently from other "similarly situated" inmates. Further, the Plaintiff must allege facts to show discriminatory intent or purpose, not merely discriminatory impact. Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252, 264-65 (1977); Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). The Plaintiff must set forth "specific, non-conclusory factual allegations that establish improper motive." Williams v. Hansen, 326 F.3d 569, 584 (4th Cir. 2003).

The Plaintiff alleges that he is similarly situated to medium security prisoners with a history of escape. However, while at FCI-Bennettsville, the Plaintiff was a medium security prisoner with a life sentence. Therefore, the Plaintiff is not similarly situated with medium security prisoners with an escape history. Further, the Plaintiff offers only conclusory allegations of purposeful discrimination. Chapman v. Reynolds, 378 F. Supp. 1137, 1139 (W.D. Va. 1974) (finding that racial discrimination claims require more than merely conclusory allegations of discrimination to state a claim). The Plaintiff attached to his complaint copies of his grievances and the institution's responses to them. Aside from the Plaintiff's conclusory allegations, the only evidence is that the Plaintiff's work assignments were determined after consideration of "the institution's security and operational needs," not because of any discriminatory motive. (Compl., Exs.(9/5/07 Resp. Appeal Grievance).) At best, the Plaintiff has alleged merely a discriminatory impact. Further, the Plaintiff failed to allege racial

3

discrimination in any of his grievances.  Instead, he submitted that he was being denied a work assignment with Unicor because of his life sentence.  (Id., generally.)  Based on the foregoing, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge Hendricks' Report and Recommendation.

Therefore, it is

**ORDERED** that the Defendants' motion to dismiss, docket number 34, is granted.  It is further

**ORDERED** that the Plaintiff's motion for summary judgment, docket number 43, is denied.

**IT IS SO ORDERED**.

                                                                  s/Henry M. Herlong, Jr.
                                                                  Senior United States District Judge

Greenville, South Carolina
October 1, 2009

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.